IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE JOE WINROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-06-527-R |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined. Because the petition is a second or successive application for habeas relief, this Court is without jurisdiction over the matter. It is therefore recommended that the petition be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)(3)(A) and 28 U.S.C. § 1631.

**Background**

Petitioner is challenging his conviction on July 17, 1998, in the District Court of Pottawatomie County, Case No. CF-97-403, for robbery with a firearm after conviction of two or more felonies. He was sentenced to a term of 102 years imprisonment. According to the petition the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's

---

[1] As an apparent attempt to avoid the second and successive issue, Petitioner filed this action using a form entitled "Pre-Trial Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241." However, as discussed *infra*, Petitioner's claims challenge the validity of his state conviction and sentence, and therefore, the petition should be construed as one seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

conviction on direct appeal, Case No. F-98-984. Petitioner acknowledges and this Court's records confirm that he filed a prior application for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, challenging the same conviction involved in the present action. *See Winrow v. Hines*, Case No. CIV-01-663-C. That application was denied by Judge Cauthron on October 11, 2001. *See* Docket, Case No. CIV-01-663-C, Report and Recommendation [Doc. # 15] and Order Adopting [Doc. # 19]. The Tenth Circuit dismissed the appeal from that denial. *Id.* Mandate [Doc. # 25].

In the instant petition, Petitioner asserts three grounds for habeas relief. In Ground One, he claims that the Information in his state court case is void; in Ground Two, he alleges he was denied counsel and his right to testify; and in Ground Three he alleges that he was denied due process. Petition at 5.

## Analysis

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The statutory requirement for prior authorization is jurisdictional. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, "the district court lacked jurisdiction to decide his unauthorized second petition"). Thus, when a petitioner files a second or successive petition in this district court without the required authorization,

the Court should transfer the action to the Tenth Circuit Court of Appeals. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by [the Tenth Circuit Court of Appeals], the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631").

Petitioner has failed to demonstrate that he has received prior authorization from the Tenth Circuit Court of Appeals to consider his second application for federal habeas relief challenging his conviction in Case No.-CF-97-403, District Court of Pottawatomie County, State of Oklahoma. Therefore, this Court is without jurisdiction to consider his petition. *Lopez*, 141 F.3d at 975-76. Accordingly, it is recommended that this action be transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer to cure lack of jurisdiction). Upon transfer, Petitioner may seek authorization to pursue a second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).[2]

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A). Petitioner is

---

[2] The docket in Petitioner's prior habeas action reflects an Order by the Tenth Circuit filed March 29, 2006, denying Petitioner's request for authorization to file another habeas petition challenging his "Oklahoma state conviction of robbery with a firearm after former conviction of two or more felonies. Petitioner's application, which is not part of this Court's records, apparently asserted newly discovered evidence as a basis for authorization of a second habeas petition pursuant to 28 U.S.C. §2244(b)(2). Notwithstanding this recent order, the undersigned has found no authority under Tenth Circuit law for this Court to do anything other than transfer the matter to the Circuit.

advised of his right to object to this Report and Recommendation by the 22nd day of June, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 2nd day of June, 2006.

*[signature]*

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE